1  JERROLD ABELES (SBN 138464)
2  **ARENT FOX LLP**
   555 West Fifth Street, 48th Floor
3  Los Angeles, CA  90013-1065
   Telephone:  213.629.7400
   Facsimile:  213.629.7401
4  Email:       jerry.abeles@arentfox.com

5  *Attorney for Plaintiff*
   *The Nutro Company*

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 THE NUTRO COMPANY,                Case No.  2:13-cv-08240-GAF-VBK

                Plaintiff,           **STIPULATED PROTECTIVE**
12                                   **ORDER**

13 v.                                DATE:    Monday, May 12, 2014
                                     TIME:     1:30 P.M.
   ILIO PRODUCTS LLC,                COURTROOM: 740
14
                Defendants.
15

16       WHEREAS, all the Parties to the above-captioned action (the "Action"),

17 namely, Plaintiff The Nutro Company ("Plaintiff" or "Nutro") and Defendant Ilio

18 Products LLC (collectively, "Defendant" or "Ilio") jointly request that a protective

19 order be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to

20 protect the confidentiality of nonpublic and competitively sensitive information that

21 they may need to disclose in connection with discovery in this Action;

22       WHEREAS, the Parties, through counsel, agree to the following terms; and

23       WHEREAS, this Court finds good cause exists for issuance of an

24 appropriately tailored protective order;

25       IT IS HEREBY ORDERED that any person subject to this Order —

26 including without limitation the Parties to this action (including their respective

27 corporate parents, successors, and assigns), their representatives, agents, experts

28 and consultants, all third parties providing discovery or acting as witnesses in this

action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.      The Party or person producing or disclosing information in the course of discovery in this action ("Discovery Material") may designate it as CONFIDENTIAL material if the party producing the Discovery Material ("Producing Party") in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Federal Rule of Civil Procedure 26.  Discovery Material that may be designated as CONFIDENTIAL includes, but is not limited to:

(a)     previously non-disclosed business and financial information of a Party (including without limitation sales reports, sales figures, advertising figures, financial statements, balance sheets, invoices, price lists, profitability reports or estimates, contracts, and customer lists);

(b)     previously non-disclosed material relating to ownership or control of any non-public company;

(c)     previously non-disclosed business plans, product-development information, or marketing plans;

(d)     any information constituting trade secrets under California Civil Code § 3426.1;[1] or

(e)     any information of a personal or intimate nature regarding any individual.

2.      The Producing Party may designate material as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if it in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Federal Rule of Civil Procedure 26 and the material is of a highly

---

[1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

1   proprietary or technical nature or constitutes competitively sensitive information

2   that could potentially be used by the requesting Party or another Party to this action

3   for commercial use or otherwise to harm the competitive position of the disclosing

4   Party.  Materials designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5   ONLY may include material of the type listed as examples in Paragraph 2 above

6   but the designation HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is

7   not necessarily limited to those examples.

8         3.     With respect to Discovery Material that a person has designated as

9   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10  ONLY" pursuant to this Order, no person subject to this Order may disclose such

11  Discovery Material to anyone else except as this Order expressly permits.

12  Discovery Material designated as CONFIDENTIAL or HIGHLY

13  CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be referenced hereinafter

14  as "Designated Discovery Material."

15        4.     "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL—

16  ATTORNEYS' EYES ONLY" material shall be used by recipients thereof solely

17  for the purposes of this Action, and not for any other purpose whatsoever.  No Party

18  shall designate publicly available documents or information as being

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

20  ONLY."

21        5.     Information designated as "CONFIDENTIAL" may be disclosed only

22  to the following persons:

23        a.     outside counsel working on this Action on behalf of a Party, and all

24  said counsels' attorneys, paralegals, assistants, stenographic and clerical employees

25  working under the supervision of such counsel;

26        b.     a Party to this case, including in-house attorneys, employees,

27  executives, officers and directors, but only to the extent that such disclosure is

28

1  required in good faith to provide assistance in the conduct of the litigation in which

2  the information was disclosed;

3        c.     consultants, investigators, or experts (hereinafter referred to

4  collectively as "experts") employed or retained by a Party or counsel for the Party

5  to assist or testify in the litigation, provided that the disclosure is necessary to such

6  assistance or testimony, and provided that such persons sign the Non-Disclosure

7  Agreement attached hereto as Exhibit A;

8        d.     court stenographers, outside copy services, interpreters and translators

9  whose functions require them to have access to Designated Discovery Material.

10  Prior to disclosure to any such court reporter or person engaged in providing

11  services in connection with this litigation, any such court reporter or person must

12  agree to be bound by the terms of this Order;

13        e.     the Court, court personnel, court reporters and the jury, with suitable

14  precaution calculated to maintain confidentiality;

15        f.     all authors and prior recipients of the information designated

16  "Confidential."

17        6.     Information designated "HIGHLY CONFIDENTIAL-ATTORNEYS'

18  EYES ONLY" may be disclosed only to persons identified in subparagraphs 5 (a),

19  (c), (d), (e), and (f) of paragraph 5 above; it may not be disclosed to persons

20  identified in paragraph 6(b) unless the Parties agree or the Court orders otherwise.

21        7.     The non-party recipient of any "CONFIDENTIAL" or "HIGHLY

22  CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall submit to the

23  jurisdiction of this Court for the purpose of any proceedings relating to the

24  performance under, compliance with, or violation of this Order.

25        8.     The recipient of any "CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL-ATTORNEYS' EYES ONLY" material that is provided under

27  this Order shall maintain such information in a secure and safe area and shall

28

1   exercise due and proper care with respect to the storage, custody, use and/or

2   dissemination of such information.

3        9.        Parties shall designate "CONFIDENTIAL" or "HIGHLY

4   CONFIDENTIAL-ATTORNEYS' EYES ONLY" material as follows:

5        a.        In the case of documents, interrogatory answers, responses to requests

6   for admissions, and the information contained therein, designation shall be made by

7   placing either of the following legends on any such document copied or to be

8   copied prior to production:  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-

9   ATTORNEYS' EYES ONLY (or the shorthand version "ATTORNEYS' EYES

10  ONLY" may also be used to signify that the material is being designated HIGHLY

11  CONFIDENTIAL-ATTORNEYS' EYES ONLY).  In the event the Producing

12  Party is in possession, custody or control of voluminous documents that may be

13  responsive to requests for production, and chooses to make such documents

14  available for inspection prior to production, no marking need be made by the

15  Producing Party in advance of the inspection.  For the purposes of the inspection,

16  documents made available shall be considered as marked "HIGHLY

17  CONFIDENTIAL-ATTORNEYS' EYES ONLY."  Thereafter, upon selection of

18  specified documents for copying by the inspecting Party, the producing Party shall

19  mark the copies of such documents as either "CONFIDENTIAL" or "HIGHLY

20  CONFIDENTIAL-ATTORNEYS' EYES ONLY" material if applicable;

21       b.        In the case of information produced or provided on a computer disk,

22  data tape, or other medium that has not been reduced to paper form, designation

23  shall be made by informing counsel for the Parties to this Action in writing that

24  such computer disk, data tape or other medium contains "CONFIDENTIAL" or

25  "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material.  To the

26  extent practicable, such physical medium shall also be appropriately labeled

27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

28  ONLY."  If such labeling is not practicable, the Designated Discovery Material

shall be segregated or specifically identified as such by the designating party.  The Party receiving such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall then be responsible for appropriately labeling any printed versions of such material that it creates after receiving the information in electronic format;

        c.     The presence of a Party representative at a deposition shall not preclude a Party from later designating the transcript of the deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  In the case of any deposition, designation of the portion of the transcript (including exhibits) that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by the attorneys for the Party to whose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material the deponent has had access.  Such review and designation shall occur within thirty (30) days after receipt of the transcript, and on a separate sheet of paper, the numbers of the pages and lines of the transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall be listed.  Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"; if no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material, except as specified on the record at the deposition.  In the event such a designation is made on the record in the course of a deposition, the portion or portions of the deposition which counsel believe may contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material will be taken with no one present except those persons who are authorized to have access to such information in accordance

with this Stipulated Protective Order, and a court reporter, except that a witness, whose deposition is being taken, may see any document identified as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material that indicates, on the face of the document or otherwise, that the witness has previously seen, has been sent, or has otherwise been made privy to (by oral or written disclosure of the contents);

     d.    If a Party desires to file materials with the Court or disclose in Court filings information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Party shall take all steps required by the Court to file the materials under seal; and

     e.    In the case of tangible items, designation shall be made by visibly marking the item or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material.

     10.    Acceptance by a Party of any information, document, or thing designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not constitute a concession that the information, document or thing is as so designated. A Party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this Action disagrees at any stage of this Action with such designation, such Party shall provide to the producing Party ten (10) days prior written notice of its disagreement with the designation. The Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party challenging the designation of confidentiality may request appropriate relief from the Court following the specified ten (10) day period. The burden of proving that information has been properly designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL-ATTORNEYS' EYES ONLY" material is on the Party designating such material.

11.    In the event that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material is used in any Court proceeding in connection with this Action, it shall not lose its confidential status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

12.    The Clerk of the Court is ordered to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this Action by any Party which are, in whole or in part, designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to contain or paraphrase such information.

13.    Any Party filing Designated Discovery Materials with the Court must follow the Court's instructions for filing documents under seal, which are reprinted below for the avoidance of doubt and for the convenience of the Parties:

> **L.R. 79-5.1 Filing Under Seal or In Camera- Procedures.** Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal or in camera without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal or in camera. The proposed order shall address the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal or in-camera filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing. Applications and proposed orders to seal or file in camera, along with the material to be sealed or submitted in camera, shall not be electronically filed but shall be presented to the Clerk for filing in paper format, in the manner prescribed by Local Rule 79-5. Unless the

filer is exempted from electronic filing pursuant to L.R. 5-4.2(a), a Notice of Manual Filing shall first be electronically filed identifying the materials being manually filed. A copy of the Notice of Manual Filing, together with its NEF (see L.R. 5-3.2.1), shall be presented with the documents presented for filing.

**L.R. 79-5.2 Confidential Court Records - Disclosure.** No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.

**L.R. 79-5.3 Procedure for Disclosure of Confidential Court Records.** An application for disclosure of sealed or confidential court records shall be made to the Court in writing and filed by the person seeking disclosure. The application shall set forth with particularity the need for specific information in such records. The procedures of L.R. 7-3 et seq. shall govern the hearing of any such application.

United States District Court for the Central District of California, Local Rule 79-5. Moreover, any Party filing Designated Discovery Material with the Court must designate the particular aspects of the filed document that are confidential to enable the Court, in drafting orders, to determine if there is evidence that the Court should attempt not to disclose.  If the Court unseals a document that was previously designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," a Party may request that the document be withdrawn, in order to avoid the public disclosure thereof.

14.     This Order shall be without prejudice to the right of any Party to oppose production of any information.  The inadvertent or unintentional production of documents or information subject to a claim of attorney-client privilege or attorney work product or a designation of confidentiality shall not be deemed a waiver, in whole or in part, of the producing Party's claim of privilege, work product or confidentiality as to the information disclosed.  Upon written notice by counsel for the producing Party of such inadvertent or unintentional production and of such claim of privilege, work product or confidentiality, counsel for the receiving Party(s) shall cooperate to restore to the claiming Party all such materials

1    as to which the claim of inadvertent production has been made, provided however if

2    the receiving Party(s) disagrees with the asserted claim of privilege, work product

3    or confidentiality, the production shall nevertheless not be deemed a waiver, but

4    such claim and the status of any such material may be determined by the Court

5    upon application of the receiving Party.  In any event, no person or Party shall incur

6    any liability hereunder with respect to a disclosure that occurred prior to receipt of

7    written notice of a designation of attorney-client privilege or attorney work product

8    or of confidentiality.

9          15.    This Order shall not be construed: (a) to prevent any Party or its

10    attorneys from making use of information which was lawfully in its possession

11    prior to its disclosure by the producing Party; (b) to apply to information which

12    appears in public records, printed publications or otherwise becomes publicly

13    known; (c) to apply to information which any Party or its attorneys has, after

14    disclosure by the producing Party, lawfully obtained from a third party having the

15    right to disclose such information; or (d) to apply to information which any Party

16    independently develops.

17          16.    Nothing in this Order shall preclude any Party to this Action or its

18    attorneys from (a) showing a document designated as "CONFIDENTIAL" or

19    "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to an individual who

20    either prepared or reviewed the document prior to the filing of this Action; or (b)

21    disclosing or using, in any manner or for any purpose, any information or

22    documents from a Party's own files which the Party itself has designated as

23    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

24    ONLY."

25          17.    If any recipient is subpoenaed in another action or proceeding or

26    served with a document demand, and such subpoena or document seeks

27    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

28    ONLY" material produced in this Action, the recipient shall give prompt written

notice to counsel for the producing Party prior to the deadline for complying with the subpoena or responding to the document demand.  No compulsory disclosure to third parties of material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

18.    All provisions of this Order restricting the communication or use of Designated Discovery Material shall continue to be binding after the conclusion of this Action, unless otherwise agreed in writing by the Parties hereto or ordered by a court of competent jurisdiction.  After the later of the conclusion of the Action or exhaustion of all appeals, any person in the possession of CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY material shall either (a) return such documents no later than thirty (30) days after the request of the Party or non-party who provided such information; or (b) destroy such documents within such time period and certify in writing within the thirty (30) day period that the documents have been destroyed.  Notwithstanding the foregoing, each Party's outside counsel and the Court may retain an archival set of pleadings, motions, orders, discovery, hearing or trial transcripts, other work product of such outside counsel, and any exhibits thereto, even if it contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material.  The "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material in outside counsel's archival copies shall remain subject to all obligations of this Order.

19.    Any material produced by a non-party (such as to a subpoena *duces tecum)* may be designated by the non-party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" as provided for herein.  Within fourteen (14) days after receipt of such materials, any Party to this litigation may in good faith specifically designate all or a portion of said materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

1   ONLY" information .  A Party who so designates non-party materials must
2   promptly notify in writing all other parties to this matter, as well as the third party.

3        20.    This Stipulated Protective Order is without prejudice to the right of
4   any Party to seek relief from the Court, upon good cause shown, from any of the
5   provisions contained in paragraphs 1 through 20, inclusive, hereof.  In addition, this
6   Order shall not prevent any Party from applying to the Court for further or
7   additional protective orders, or from agreeing among themselves to modify or
8   vacate this Order, subject to the approval of the Court.

9        21.    The Court shall retain jurisdiction of this Action (and over those
10   subject to this Order) after termination of this Action to the extent necessary to
11   enforce the provisions of this Order.

12   
13                     SO STIPULATED AND AGREED.

14   
15   ARENT FOX LLP                MURCHISON AND CUMMING LLP

16   
17   By: _____     By: _____
18       Jerrold Abeles              Gina E. Och
    ARENT FOX LLP           Nanette G. Reed
19       555 West Fifth Street, 48th Floor    MURCHISON AND CUMMING
    Los Angeles, CA 90013       LLP
20       Tel:  213-629-7400         801 South Grand Avenue, 9th Floor
21       jerry.abeles@arentfox.com    Los Angeles, CA 90017
                             Tel: 213-623-7400
22       *Counsel for The Nutro Company*    goch@murchisonlaw.com
23   
24                                *Counsel for Ilio Products LLC*
25   
26   
27   
28

1    IT IS SO ORDERED.

2

3    _____/s/_____
4    VICTOR  B. KENTON, UNITED STATES
5    MAGISTRATE JUDGE, U.S. District Court for the
     Central District of California
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JERROLD ABELES (SBN 138464)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401
Email:        jerry.abeles@arentfox.com

*Attorney for Plaintiff*
*The Nutro Company*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NUTRO COMPANY, | Case No.  2:13-cv-08240-GAF-VBL |
| Plaintiff, | |
| v. | |
| ILIO PRODUCTS LLC, | |
| Defendants. | |

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and
understand the Protective Order in this Action governing the non-disclosure of
those portions of Discovery Material that have been designated as
CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
("Designated Discovery Material"), and I will comply with the provisions of this
Protective Order.  I agree that I will not disclose such Designated Discovery
Material to anyone who is not authorized pursuant to the Protective Order to receive
the disclosure thereof, and that I will return all Designated Discovery Material to
the Party or attorney from whom I received it, or I will destroy such materials in
accordance with the terms of this Protective Order.  By acknowledging these

obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


Date:_____       _____